# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

February 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Daniel Cain,**
**Plaintiff Below, Petitioner**

**vs.)   No. 11-1713** (Kanawha County 08-C-1332)

**Catherine A. Kennedy,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Daniel Cain, *pro se*, appeals the October 3, 2011 order of the Circuit Court of Kanawha County granting respondent's motion to enforce settlement. Respondent Catherine A. Kennedy, by David A. Mohler and Patrick C. Timony, her attorneys, filed a response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were involved in an automobile accident. They proceeded to court-annexed mediation, during which respondent made a settlement offer of $17,500. According to respondent, her offer to settle petitioner's claims for $17,500 was to be held open for two weeks. In the meantime, after mediation had ended, respondent made an offer of judgment pursuant to Rule 68 of the West Virginia Rules of Civil Procedure in the amount of $16,000.[1] On March 31, 2011,

---

[1] Rule 68 of the West Virginia Rules of Civil Procedure provides in pertinent part as follows:

> **(a) Offer of Judgment.** At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer

1

petitioner through his attorney Shawn R. Romano accepted respondent's offer to settle the case for $17,500. Accordingly, the circuit court entered a final order dismissing the case from its docket.

Subsequently, petitioner asserted there had been no "meeting of the minds" to settle when both he and Mr. Romano were under the misapprehension that if the case went to trial and the jury returned a verdict less than $16,000, petitioner would be responsible to pay attorney's fees pursuant to Rule 68(c). Mr. Romano filed a motion to withdraw as petitioner's counsel. Respondent filed a motion to enforce settlement.

Mr. Romano's motion to withdraw and respondent's motion to enforce settlement came on for a hearing on September 22, 2011. Petitioner appeared for the hearing. Respondent appeared by counsel. Mr. Romano also appeared, as did attorney Larry G. Kopelman who agreed to represent petitioner for the purposes of the hearing.

As grounds for his withdrawal, Mr. Romano indicated it was possible that he could be a witness against his client and also that he "can't make representations to the Court which I would believe to be untrue." Mr. Kopelman stated that petitioner had no objection to Mr. Romano's withdrawal as his attorney. The circuit court granted Mr. Romano's motion and directed him to prepare the necessary order.

On the substantive issue, the circuit court heard Mr. Kopelman's arguments that respondent's motion to enforce settlement be denied because "[petitioner's] impression in his mind, that if he went to court, he would be responsible for the attorney's fees of the other side and his attorney's fees, if any." Mr. Kopelman discussed Rule 68 and case law that says attorney's fees and expert's fees are not normally included as "costs" under the rule. Under questioning from the circuit court, Mr. Kopelman confirmed that petitioner had retained counsel, in the person of Mr. Romano, at the time respondent's settlement offer was accepted.

The circuit court also heard argument from respondent's counsel that the settlement should be enforced. The circuit court directed the parties to submit proposed orders.

---

and notice of acceptance together with proof of service thereof and thereupon the court shall direct entry of the judgment by the clerk.

\*　　\*　　\*

**(c) Offer Not Accepted.** An offer under subdivision (a) or (b) above not accepted in full satisfaction shall be deemed withdrawn, i.e., shall not be disclosed to the jury, and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Mr. Kopelman submitted petitioner's proposed order on October 3, 2011,[2] and a notation on Mr. Kopelman's cover letter indicates that it was received by the circuit court. On that same day, the circuit court entered the order prepared by respondent's counsel granting respondent's motion to enforce settlement.[3] In the order, the circuit court acknowledged that "a definite meeting of the minds of the parties is essential to a valid compromise (quoting *Messer v. Huntington Anesthesia Group, Inc.*, 222 W.Va. 410, 418, 664 S.E.2d 751, 759 (2008) (internal quotations and citations omitted))." In *Messer*, this Court explained that "[w]hen an attorney-client relationship exists, apparent authority of the attorney to represent his client is presumed" and that "[w]hen an attorney appears in court representing clients there is a strong presumption of his authority to represent such clients, and the burden is upon the party denying the authority to clearly show the want of authority." 222 W.Va. at 418-19, 664 S.E.2d at 759-60 (internal quotations and citations omitted). Accordingly, the circuit court found that "Mr. Romano had apparent authority to represent [petitioner]" and that "[t]his includes the apparent authority to agree to a binding settlement agreement." The circuit court further found as follows:

> [Petitioner] has not identified evidence sufficient to meet his burden of clearly showing a lack of authority, and the Court finds that apparent authority was vested in Mr. Romano at the time he sent the letter accepting the settlement [of] $17,500. The fact that Mr. Romano has since withdrawn as counsel does not change that.

"The law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syl. Pt. 1, *Sanders v. Roselawn Memorial Gardens*, 152 W.Va. 91, 159 S.E.2d 784 (1968). "[T]his Court employs an abuse of discretion standard when reviewing a circuit court order enforcing a settlement agreement." *Burdette v. Burdette Realty Improvement, Inc.*, 214 W.Va. 448, 452, 590 S.E.2d 641, 645 (2003).

---

[2] Mr. Kopelman no longer represents petitioner consistent with his agreement to represent petitioner only for the purposes of the September 22, 2011 hearing.

[3] As part of his appeal, petitioner assigns error to the fact the circuit court entered the order granting respondent's motion to enforce settlement on the same day Mr. Kopelman submitted petitioner's proposed order. The notation on the cover letter indicates that the circuit court received the order. Petitioner asserts that Mr. Kopelman submitted the proposed order by mail and, therefore, the circuit court could not have received the order until October 4, 2011. However, even if the circuit court entered the order enforcing settlement before seeing petitioner's proposed order, it is harmless error because it did not affect petitioner's substantial rights. *See* Rule 61, W.V.C.P. ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Petitioner's proposed order mirrored arguments Mr. Kopelman made on petitioner's behalf at the September 22, 2011 hearing. Therefore, the circuit court already knew how petitioner wanted it to rule. The fact that the circuit court ruled against petitioner constitutes a separate issue.

On appeal, petitioner argues the settlement between the parties should not be enforced because it was only after mediation that he discovered that his counsel, Mr. Romano, interpreted Rule 68 differently than counsel for respondent and that counsel for respondent had superior knowledge of the law. Respondent argues that her counsel had no duty whatsoever to inform petitioner of the prevailing state of the law. Respondent asserts that if petitioner's counsel did not accurately inform him of the law, petitioner's remedy is a malpractice action against his former attorney, not to be granted a reversal of a proper settlement agreement under West Virginia law. Respondent further asserts that she acted in good faith and with reasonable prudence in relying upon the parties' settlement agreement.

This Court has reviewed the appendix filed by petitioner and finds within it no indication that counsel for respondent intentionally, or inadvertently, misled either petitioner or Mr. Romano into thinking that attorney's fees and expert's fees are normally included as "costs" under Rule 68(c). No reason exists not to apply the general principle that ignorance of the law is no excuse: "'Agreements made and acts done under a mistake of law are (if not otherwise objectionable) generally valid and obligatory.' Point 1 Syllabus, *Harner v. Price*, 17 W.Va. 523 [(1880)]." Syl. Pt. 2, *Sanders*. Therefore, after careful consideration, this Court concludes that the circuit court did not abuse its discretion in granting respondent's motion to enforce settlement.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm its October 3, 2011 order granting respondent's motion to enforce settlement is affirmed.

Affirmed.

**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4